**CITY OF NEWARK, a municipal corporation of the State of Delaware, Plaintiff,**

v.

**The UNIVERSITY OF DELAWARE, a corporation of the State of Delaware, Defendant.**

Court of Chancery of Delaware, New Castle.

March 14, 1973.

Stanley W. Balick, Wilmington, for plaintiff.

John P. Sinclair, Potter, Anderson & Corroon, Wilmington, for defendant.

SHORT, Vice Chancellor:

■ The sole question presented in this declaratory judgment action is whether the zoning ordinances of the City of Newark (Newark) are applicable to the University of Delaware (University). This is the decision following trial.

Title 14 Del.C. § 5106, in pertinent part, provides:

"Notwithstanding any provisions appearing elsewhere in the laws of this State which might suggest or provide the contrary, the entire control and management of the affairs of the University, which is conferred upon the Board of Trustees by the foregoing paragraph, shall be construed . . . as including . . . the following powers and duties: . . . the planning for buildings and improvements and the extension or diminution of the campus or other land holdings are matters wholly under the control of the Trustees except where inspection or regulations may be provided for by law in respects involving the health or safety of the occupants of the buildings."

By these provisions the legislature has expressly evidenced the intent that control of University land development and use is within the exclusive control of the Board of Trustees of the University. This can only mean that the University is immune from Newark's zoning ordinances. The exception provided in the statute in no way limits the exclusive control of the Trustees over development and use of University land. It merely subjects the University to regulations, such as a local building code, pertaining to health or safety of occupants of University buildings. The University here concedes that it is subject to the provisions of Newark's building code except insofar as that code's provisions require compliance with zoning ordinances before a building permit or an occupancy permit may be obtained.

■ Even apart from a clear expression of legislative intent it has generally been held that a State agency is immune from local zoning ordinances. 101 C.J.S. Zoning § 135, p. 893; 58 Am.Jur. § 120; 2 Anderson, American Law of Zoning, § 9.06. The University of Delaware is an agency of the State of Delaware. Parker v. University of Delaware, 31 Del.Ch. 381, 75 A. 2d 225. Its function is governmental. 78 C.J.S. Schools and School Districts, § 13, p. 625. It has the power of eminent domain. 14 Del.C. § 5114. Traditionally these characteristics and/or power have been cited as establishing immunity. See, e. g., Green County v. Monroe, 3 Wis.2d 196, 87 N.W.2d 827; Lauderdale County Board of Education v. Alexander, 269 Ala. 79, 110 So.2d 911; State v. Kopp, Mo., 330 S.W.2d 882.

In the recent case of Rutgers, State University v. Piluso, 60 N.J. 142, 286 A.2d 697, the court declined to follow traditional concepts, holding that the test was legislative intent. After reviewing prior New Jersey decisions, the history of the university and the statutes pertaining thereto the

court said: "The whole picture demonstrates to us beyond any doubt that the Legislature must be said to have intended that the growth and development of Rutgers, as a public university for the benefit of all the people of the State, was not to be thwarted or restricted by local land use regulations and that it is immune therefrom." The immunity, however, was held not to be absolute, the court saying ". . . it must not . . . be exercised in an unreasonable fashion so as to arbitrarily override all important legitimate local interests." To minimize conflict it pointed out that the state agency ought to consult with local authorities and give consideration to local objections.

The court found no unreasonableness in Rutgers' proposal to erect, contrary to local zoning ordinances, student family housing on its lands.

■ I agree with the approach adopted by the New Jersey Court. So here, it is clear that the Legislature intended that the University in its growth and development should not be subject to restriction or control by local land use regulations. This immunity is absolute unless the City in a given instance can show that its exercise is unreasonable or arbitrary. Judgment will be entered so declaring.

An appropriate order may be presented.