168 N.J. Super. 292 (1979)
402 A.2d 983
THE TOWN OF MORRISTOWN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP OF HANOVER, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE MAYOR, TOWNSHIP COMMITTEE AND TOWN CLERK OF THE TOWNSHIP OF HANOVER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1979.
Decided May 16, 1979.
*294 Before Judges LORA, MICHELS and LARNER.
Mr. Wayne H. Weiner, Morristown Municipal Attorney, argued the cause for appellant (Mr. Philip A. Kahn on the brief).
Mr. Fred G. Stickel, III, argued the cause for respondent Township of Hanover (Messrs. Young, Dorsey and Fisher, attorneys).
The opinion of the court was delivered by LARNER, J.A.D.
This case presents another round in the never-ending struggle between the Town of Morristown and the Township of Hanover relating to the use of the Morristown Municipal Airport owned and operated by Morristown on its lands in Hanover. The authority to operate such an airport in another municipality stems from the provisions of N.J.S.A. 40:8-1 to 7. The litigious history between the municipalities can be traced by reference to the following reported opinions: Aviation Services v. Hanover Tp. Bd. of Adj., 20 N.J. 275 (1956); Shell Oil Co. v. Hanover Tp. Bd. of Adj., 38 N.J. 403 (1962); Hanover Tp. v. Morristown, 108 N.J. Super. 461 (Ch. Div. 1969); see also, *295 118 N.J. Super. 136 (Ch. Div.), aff'd 121 N.J. Super. 536 (App. Div. 1972), certif. den. 62 N.J. 427 (1973).
The present action was brought by Morristown to set aside as invalid Ordinance 8-78 adopted by Hanover on May 11, 1978 and to enjoin its enforcement. This ordinance consists of an amendment to the zoning ordinance of the township limiting in several particulars the permitted uses of lands in the Airport District, i.e., the lands operated as a municipal airport by the Town of Morristown. The amendment provides:

ORDINANCE NO. 8-78
AN ORDINANCE TO AMEND THE "LAND USE ORDINANCE" OF THE TOWNSHIP OF HANOVER, COUNTY OF MORRIS AND STATE OF NEW JERSEY
BE IT ORDAINED, by the Township Committee of the Township of Hanover, County of Morris and State of New Jersey, as follows:

Section 1. Article 9, entitled, "ZONING REGULATIONS," Section 919 "A AIRPORT DISTRICT" of the above entitled ordinance is hereby deleted and the following substituted in its place and stead:
"919. A AIRPORT DISTRICT

A. PRIMARY INTENDED USE. This zone district is designed for the operation of an airport for general aviation, other than commercial air carriers, as regulated by the Federal Aviation Agency and the applicable agencies of the State of New Jersey and accessory uses customarily incident thereto. Permitted uses, including primary and accessory uses, shall be limited to a landing strip, control tower, hangars, offices for airport personnel, equipment for the supply of fuel to aircraft, and facilities for the repair, maintenance and testing of aircraft permanently based at the airport. For the purpose of this ordinance, the term permanently based aircraft shall mean aircraft registered with the Commissioner of Transportation of the State of New Jersey pursuant to N.J.A.C. 16:56-1.1 for which the application for registration filed with the Division of Aeronautics, Department of Transportation, shall disclose that the aircraft is based at the airport located within this zone district and said aircraft shall have been based at the airport for 90 consecutive calendar days.
B. PROHIBITED USE. All uses are prohibited other than those uses which have been specifically permitted in Section 919 A of this ordinance. Nothing contained herein shall be *296 construed to permit banks, service stations, hotels, motels, office buildings, restaurants, terminal facilities for commercial air carriers, and the repair, maintenance and testing of aircraft, other than on an emergency basis, of airplanes which are not permanently based, as defined in (A) above, within this zone district.
C. REQUIRED CONDITIONS. All height, yard and area requirements of this zone shall be regulated by the requirements of the Federal Aviation Agency."

SECTION 2. This ordinance shall take effect as provided by law.
It was and is the position of Morristown that its municipal airport is immunized from the restrictive provisions of the amendatory zoning ordinance so long as the uses sought to be prohibited are reasonably "accessorial or incidental" to the primary purpose of airport operation. See Shell Oil Co. v. Hanover Tp. Bd. of Adj., supra, 38 N.J. at 409; Aviation Services v. Hanover Tp. Bd. of Adj., supra, 20 N.J. at 283. It thus points to the provisions of the ordinance which seek to accomplish the following ends:
(1) exclusion of commercial air carriers,
(2) limitation of buildings, equipment and facilities for the servicing, repair, maintenance and testing of aircraft to those "permanently based at the airport" for at least 90 consecutive calendar days,
(3) prohibition of terminal facilities for commercial air carriers and servicing of aircraft which are not permanently based at the airport, other than on an emergency basis.
Morristown moved for summary judgment below, asserting that the ordinance is facially invalid as violative of the statutory immunity from zoning regulations as construed by the Supreme Court in the controlling opinion in Aviation Services v. Hanover Tp. Bd. of Adj., supra. The trial judge denied summary judgment on the thesis that plaintiff had the burden of showing facts at a plenary trial which would demonstrate whether particular portions of the ordinance were invalid in light of interference with the "public need presently or prospectively" of the airport use. We granted leave to appeal from this denial of summary judgment.
*297 In urging an affirmance of the determination below, Hanover argues that the absence of a factual presentation negates the right to summary judgment. It notes the qualifying language of the opinion in Aviation Services, supra, where the court pointed out:
Our holding in this case is not to be considered as giving judicial recognition or impetus to a program of wholesale aggrandizement of territory. The authority bestowed upon municipalities to establish and maintain public airport facilities must be reasonably exercised in response to the public need, both present and that fairly to be anticipated. [20 N.J. at 285]
In effect, it rests upon the presumptive validity of municipal legislation and advances the traditional legal position that plaintiff has the burden of proving factually that its contemplated uses are reasonable, or conversely that the ordinance limitations are factually unreasonable and arbitrary.
We find that Hanover's position is untenable in the context of the legislation and judicial opinions controlling the operation of municipal airports and particularly the Morristown Municipal Airport in the Township of Hanover. The legislation as construed by the Supreme Court in Aviation Services and Shell Oil Co., supra, establishes an island of immunity from zoning regulations for property operated and used for the primary purpose of a municipal airport or for uses which are reasonably accessory or incidental to that primary purpose. See Aviation Services, supra, 20 N.J. at 283; Shell Oil Co., supra, 38 N.J. at 409, 412.
The status of this law forecloses a municipality from invading the immunity by restrictive legislation which on its face inhibits uses which are patently appropriate for the primary purpose of operation of an airport or accessory uses incidental thereto.
We are cognizant of the caveat in Aviation Services, supra, wherein the court cautioned that the authority bestowed upon municipalities to establish and maintain airport facilities *298 must be reasonably exercised in response to the present and future public needs, and that the holding therein is not to be considered as a springboard for "a program of wholesale aggrandizement of territory." 20 N.J. at 285.
This caveat, however, does not authorize a municipality burdened with the airport of another governmental entity to exclude uses in advance of legislation which are manifestly within the ambit of appropriate primary or accessory uses consonant with an airport operation. If and when Morristown adopts or threatens to adopt a use which violates the limitations of its immunity either because it is not incidental to or necessary for maintenance and operation of the airport or because it is beyond the ambit of reasonable present or future public need, or because it represents a "wholesale aggrandizement of territory," Hanover's remedy lies in the courts and not in its legislative function.
It cannot legislate in advance that a use which is appropriate for airport operation will be prohibited and thereby shift to Morristown the burden of undertaking proof of unreasonableness on a factual basis. The statutory immunity mandates the reverse process. Where the uses inhibited by the ordinance are facially appropriate for airport purposes, the statutory immunity prevails and the obligation shifts to Hanover to initiate litigation and undertake the burden of proving the unreasonableness of the use by Morristown within the context of the holdings in Aviation Services and Shell Oil Co. It is exactly such a proceeding which was initiated by Hanover in Hanover Tp. v. Morristown, supra, wherein the court conducted a lengthy factual hearing relating to alleged aggrandizement and alleged nuisances, and found that the township's allegation of "wholesale aggrandizement of territory" was unsupported in view of the permissible expansion which may be appropriate for normal growth of the airport.
The view we have expressed relating to the burden of Hanover to prove unreasonableness is reiterated in Newark v. University of Delaware, 304 A.2d 347 (Del. Ch. 1973), *299 and Austin Ind. School Dist. v. City of Sun Valley, 502 S.W. 2d 670 (Tex. Sup. Ct. 1973).
The Delaware court in Newark v. University of Delaware followed the substantive holding of our Supreme Court in Rutgers, The State University v. Piluso, 60 N.J. 142 (1972), relating to the immunity from zoning of a state agency, and concluded:
This immunity is absolute unless the City in a given instance can show that its exercise is unreasonable or arbitrary. [304 A.2d at 349]
The Supreme Court of Texas, in Austin, supra, reached the same conclusion in the following excerpt of its opinion:
The most recent Delaware case on this issue says, "it is clear that the University in its growth and development should not be subject to restriction or control by local land use regulations. This immunity is absolute unless the City in a given instance can show that its exercise is unreasonable or arbitrary." City of Newark v. University of Delaware, supra, 304 A.2d at 349. Even though the reasonableness of the School District's action is not before the court, the City in the instant case would have the court go one step beyond these cases and hold here that a school district is subject to the zoning power of a city. This additional step is without support in the law of this state or any other jurisdiction. In effect, the City would shift the burden of proof entirely and require the School District to prove that the zoning ordinance of the City is unreasonable. The court is of the opinion that the broadest weight of authority and the better reasoned position in this type instance is that expressed in City of Newark. [502 S.W.2d at 674]
In applying the foregoing analysis of the applicable law to the ordinance at hand, we find no difficulty in reaching the conclusion that the objectionable features thereof are facially invalid.
The prohibition against use of the airport by any commercial air carriers is manifestly an invasion of the immunity granted by the Legislature. Airport use contemplates both private and commercial aviation, and Hanover's attempt to ban all commercial use is clearly without legal warrant.
*300 Similarly, the legislative attempt by the municipality to limit the use of the airport buildings, equipment and facilities for the servicing, repair, maintenance and testing of aircraft to those permanently based at that airport is facially so restrictive of the immunity granted to Morristown to operate an airport and all facilities reasonably accessory for such use that it must be stricken.
The same conclusion must be reached with respect to the third prohibition of terminal facilities for commercial air carriers and servicing of aircraft which are not permanently based at the airport.
Since the invalidity of these provisions is apparent on the face of the ordinance, further factual exploration was not essential, and plaintiff was entitled to a summary judgment in its favor. We do note that included in paragraph B of the ordinance is the negative provision that "Nothing contained herein shall be construed to permit banks, service stations, hotels, motels, office buildings, restaurants." While these uses appear to be unrelated to the primary or accessory airport use (see Shell Oil Co., supra), and therefore not invalid on their face, their inclusion in the same sentence as the objectionable prohibitions and the absence of a severability clause renders it impossible to carve out and save the valid portion of the ordinance. See Inganamort v. Fort Lee, 72 N.J. 412, 421-424 (1977).
Accordingly, we reverse and remand for the entry of judgment in favor of the Town of Morristown invalidating Ordinance 8-78 in its entirety and enjoining its enforcement. This determination is not to be construed to foreclose the Township of Hanover from enacting an ordinance containing the provision found to be facially valid or from instituting such litigation as the facts may warrant within the ambit of Aviation Services and Shell Oil Co., as we have noted earlier in this opinion.