R. A. AUSTIN and Wife, Yvonne
Austin, Appellants,

v.

CITY OF LUBBOCK, Appellee.

No. 9205.

Court of Civil Appeals of Texas,
Amarillo.

April 30, 1981.

Rehearing Denied June 24, 1981.

Brock, Waters & Pigg, Ralph Brock, Lubbock, for appellants.

John C. Ross, Jr., City Atty., Susan M. Tom, James P. Brewster, J. Worth Fullingim, Asst. City Attys., Lubbock, for appellee.

COUNTISS, Justice.

This is a condemnation case. Having concluded that the trial court erroneously

disregarded a jury finding that entitled appellants R. A. Austin and Yvonne Austin (hereafter "the Austins") to judgment, we reverse and remand.

In March, 1977, the City of Lubbock (hereafter "the City") decided to improve a heavily traveled street intersection located in an area zoned for single family dwellings. In order to improve the intersection, it was necessary for the City to acquire portions of the side yard and front yard of the lot on which the Austins' home was located. The parties were unable to agree on purchase terms and the City instituted the condemnation proceeding now before us.

The zoning provisions applicable to the Austins' lot require a side yard with a minimum width of ten feet. Prior to the condemnation, the Austins were in compliance with the width requirement. The strip condemned by the City leaves the Austins with a side yard four and three-tenths feet wide.

In response to the City's condemnation petition, the Austins pleaded various defenses seeking to bar the City's right to take their property. At the trial, after the presentation of evidence was completed, the charge to the jury submitted the usual valuation issues for the strip condemned and the remainder, in issues one, two and three. The charge also submitted inquiries pertinent to the Austins' pleaded defenses of abuse of discretion and estoppel, in issues four through eight. The jury's answers to the valuation issues resulted in a net award to the Austins of $8,650.00 in compensation. The jury answered the issues pertinent to abuse of discretion and estoppel in a manner favorable to the Austins, finding an abuse of discretion by the City and finding some elements of estoppel.

The trial court granted the City's motion to disregard the jury's answers to issues four through eight, concluded that the City had the right to take the subject property and rendered judgment awarding $8,650.00 in compensation to the Austins and title to the condemned land to the City. The Austins duly perfected their appeal from that judgment.

In this court, the Austins present seventeen points of error, directed primarily to the propositions that the City did not have the right to take their property and the trial court erroneously disregarded the jury's answers to issues four through eight. Because of our resolution of the case, we will discuss only selected points of error.

By their first point of error, the Austins contend the taking was impermissible because it was in violation of the City's own zoning ordinance. The City's response is two-fold: (1) the taking simply leaves the Austins with a valid non-conforming use and (2) the City's eminent domain authority is superior to its zoning authority, thus exempting the City from complying with its zoning ordinance.

Before discussing the legal merits of the first point, certain background statements are necessary in order to bring the issues into focus. First, we cannot accept the City's argument that the Austins now have a valid non-conforming use. The zoning ordinance, which was in evidence, defines non-conforming use as a lawful use that does not, at the time when the ordinance becomes effective, conform with the use regulations of the district where it is located. We do not interpret non-conforming use to apply to an impermissible use or condition created after the ordinance becomes effective. Under the record before us, the Austins are in violation of the zoning ordinance until and unless they are able to obtain a variance or exception under the procedures provided in the ordinance.[1]

Second, the Austins do not contend that the street improvement is an impermissible use in the area in question. Instead, they contend that the construction of the im-

---

1. The City's zoning ordinance provides for a fine of $200.00 per day for a use in violation of the ordinance and gives the City the right to institute proceedings to prevent the improper use. The record before us does not indicate that the City has attempted to take any other action against the Austins because of the violation, but the ordinance authorizes them to do so.

provement causes them to be in violation of the zoning requirements for the area. We see no difference in principle between action by a condemnor that is a direct violation, i. e., an impermissible use and an action by a condemnor that causes someone else to be in violation, as in this case.

Finally, we perceive no difference between a violation of a city's zoning ordinance by some other entity with the power of condemnation, such as a school district, and a violation of its own ordinance by a city. The same rules apply.

■ The threshold question before this court, then, is whether a city can ignore its zoning ordinance when exercising its eminent domain power. In more abstract terms, the question is whether a public entity with two equal powers can exercise one in a manner that is is derogation of the other. The issue has not been resolved in Texas, although we find guidance for a correct resolution in *Austin Independent School District v. City of Sunset Valley*, 502 S.W.2d 670 (Tex.1973), discussed below. Most jurisdictions have resolved zoning-eminent domain conflicts by applying one of three rationales. Some hold, as the City urges in this case, that eminent domain is an absolutely superior right and cannot be restricted by a zoning ordinance. *See, e. g., State v. Ferriss*, 304 S.W.2d 896 (Mo.1957); 1 J. Sackman & P. Rohan, *Nichols on Eminent Domain*, § 1.141[6] (3rd ed. 1980). As the cited authorities indicate, that result is usually reached after an examination and comparison of the constitutional or statutory sources of the competing powers. This view has not been followed in Texas. *Porter v. Southwestern Public Service Company*, 489 S.W.2d 361 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.).[2]

Other jurisdictions distinguish between governmental and proprietary functions, exempting the former from compliance with zoning ordinances. See cases collected in Sales, *The Applicability of Zoning Ordinances to Governmental Land Use*, 39 Tex. L.Rev. 316, 318–20 (1961). Texas has not attempted to adopt that artificial solution to the problem.[3]

The third approach to a resolution of the conflict between the competing powers and the one we hold to be applicable in Texas is the test of reasonableness. The rule is illustrated in *Austin Independent School District v. City of Sunset Valley*, 502 S.W.2d at 674. In that case, the City of Sunset Valley was zoned for residential construction only. The Austin School District, of which Sunset Valley was a part, wanted to locate an educational facility in Sunset Valley in admitted violation of Sunset Valley's zoning ordinance. The reasonableness of the school district's action was not before the Texas Supreme Court because the trial court made an unchallenged finding of fact that the school district did not act unreasonably. Also, no question of public nuisance was involved. In that factual context, the Supreme Court held that the school district could locate school facilities in an area zoned for residential use, even though the zoning ordinance would be violated.

The Supreme Court then extended its discussion of the problem area in a manner pertinent here. Pointing out that its decision did not mean the school district could act with impunity, it examined two cases where the reasonableness of the school authorities' action was discussed. *City of Newark v. University of Delaware*, 304 A.2d 347 (Del.Ch.1973); *Rutgers, State University v. Piluso*, 60 N.J. 142, 286 A.2d 697 (1971). Rejecting Sunset Valley's conten-

---

**2.** The City relies on *Ft. Worth & D. C. Ry. Co. v. Ammons*, 215 S.W.2d 407 (Tex.Civ.App.—Amarillo 1948, writ ref'd n.r.e.), and *Gulf C. & S. F. Ry. Co. v. White*, 281 S.W.2d 441 (Tex. Civ.App.—Dallas 1955, writ ref'd n.r.e.), for their argument that the eminent domain power is superior to the zoning power. As pointed out by this court in *Porter v. Southwestern Public Service Company*, 489 S.W.2d at 364,

"neither case expressed the opinion that as an abstract principle the right of eminent domain is superior to the police powers represented by zoning regulations."

**3.** For a discussion of a fallacy of the governmental versus proprietary test, see Note, *Governmental Immunity From Local Zoning Ordinances*, 84 Harvard L.Rev. 869–72 (1971).

tion that the school district had the burden of proving that the ordinance was unreasonable, it approved the following statement from the *City of Newark* case, *supra*:

"This immunity [of the University of Delaware from local land use regulations] is absolute *unless the City in a given instance can show that its exercise is unreasonable or arbitrary.*"

(Emphasis added.) [4]

As noted at the outset of this discussion, we discern no reason for a different rule when a city is seeking to avoid its own zoning ordinance. Thus, applying the rule to this case, a city exercising its eminent domain power in derogation of its zoning ordinance is not prohibited from doing so unless the objecting party can show that the action is unreasonable or arbitrary. We hold, therefore, that the City is immune from its own zoning regulations, unless the Austins have proved that the City's action is unreasonable or arbitrary.

■ We must now examine the record to ascertain whether the Austins met the burden of proof required of them under our holding. Special issue number four, disregarded by the trial court,[5] states:

SPECIAL ISSUE NO. 4

By the use of the words "clearly abused its discretion" as used in Special Issue No. 4 is meant that the party involved has acted arbitrarily, unreasonably or capriciously.

Do you find from a preponderance of the evidence that the City of Lubbock clearly abused its discretion, if it did, in taking the Austin property in the manner set forth herein based on all of the facts and circumstances in evidence?

Answer: "The City of Lubbock clearly abused its discretion"; or, "The City of Lubbock did not clearly abuse its discretion".

ANSWER: *The City of Lubbock clearly abused its discretion.*

The form of the issue is not the ideal submission of the pertinent inquiry. After it has been established that a zoning ordinance is being violated by the exercise of the eminent domain power, the issue, under the *Sunset Valley* case, is whether the condemnor is acting arbitrarily or unreasonably by violating the ordinance. Special issue number four submits those elements, however, as a part of the definition of abuse of discretion and the jury was required to find that the City acted arbitrarily and unreasonably before it could find an abuse of discretion.[6] Since the form of the issue, and its evidentiary support, are not challenged by the City by cross-points of error, Tex.R.Civ.P. 324, we accept it as a determination by the jury that the City acted arbitrarily and unreasonably.

It follows that the trial court was in error in disregarding special issue number four and that the jury's answer to the issue requires entry of judgment in favor of the Austins denying the City's right to condemn the subject property. Points of error numbered one and ten are sustained.

■ Our resolution of the foregoing points of error moots the Austins' remaining points, save one. Under point sixteen, they argue that they are entitled to a separate hearing on damages and attorneys' fees if the City's right to condemn is denied. As support for their argument, they rely on section 6 of Art. 3265, Texas Revised Civil

---

4. In a concurring opinion, Justice Pope, joined by Justice Walker, agreed that the school district's immunity should be limited by a rule of reasonableness. However, they would place the burden of proof on the party seeking to avoid the zoning regulation, requiring that party to prove the reasonableness of the claimed immunity.

5. The Austins challenge the trial court's disregard of special issue number four by point of error number ten.

6. The inclusion of "capriciously" in the definition, as an alternate meaning of abuse of discretion, does not detract from our conclusion. The term "capricious" is synonymous with "arbitrary" in this context. *Wagoner v. City of Arlington*, 345 S.W.2d 759, 763 (Tex.Civ.App.—Ft. Worth 1961, writ ref'd n.r.e.).

Statutes.[7] It would not be proper for us to attempt at this time to outline for the parties the rights that may flow from this decision. Those are matters to be determined, in the first instance, in the trial court. We are satisfied, however, that the compensatory provisions of section 6 are not activated by this decision. Section 6 applies to a voluntary abandonment or dismissal by the condemnor; it does not apply to judicial denial of the right to condemn. We are not passing on the Austins' rights, if any, to damages and attorneys' fees under other legal theories that may be applicable; we are only holding that section 6 is not applicable.

There being error in the judgment, our duty ordinarily is to reverse the trial court and render the judgment the trial court should have rendered. Tex.R.Civ.P. 434. However, in view of the Austins' pleadings concerning damages and attorneys' fees, which have not been adjudicated, we reverse and remand to the trial court for such further proceedings as may be justified by the present or subsequent pleadings of the parties. *Morrow v. Shotwell*, 477 S.W.2d 538, 541–42 (Tex.1972).

## ON MOTION FOR REHEARING

In its motion for rehearing, the City states it is not contending that its eminent domain power is absolutely superior to its zoning power—only that it is superior under the facts of this case. Whether the argument is advanced as a general proposition or a specific one, we still do not agree with the City's contention. Our holding as set out in our original opinion finds support in the recent Texas Supreme Court decision in *City of Pharr v. Tippitt*, 616 S.W.2d 173 (1981). The *City of Pharr* case concerned a city's power to rezone an area. In analyzing the zoning power of a city, however, the Supreme Court made several statements pertinent to this case:

First: A comprehensive zoning ordinance is law that binds the municipal legislative body itself. . . . The duty to obey the existing law forbids municipal actions that disregard not only the pre-established zoning ordinance, but also long-range master plans and maps that have been adopted by ordinance. . . .

The adoption of a comprehensive zoning ordinance does not, however, exhaust the city's powers to amend the ordinance as long as the action is not arbitrary, capricious and unreasonable. *Id.* at 393.

Our holding is in accordance with that view. The City is bound by its zoning ordinance and cannot disregard it when exercising its eminent domain power. The City is not, however, absolutely forbidden to exercise its eminent domain power in derogation of its zoning ordinance. It is forbidden to do so only if the exercise thereof is arbitrary and unreasonable. The jury so found in this case.

The City contends, however, that the jury's finding that the City abused its discretion is immaterial because abuse of discretion is a question of law. We agree that abuse of discretion is usually a question of law. However, as we observed in our original opinion, under the submission used in this case abuse of discretion was defined for the jury as arbitrary, unreasonable or capricious action. We are concerned here with the factual elements of arbitrary and unreasonable action and the jury had to find those factual elements in order to answer the issue as it did. Absent a proper challenge to the issue in this court, it stands as a finding that the City acted arbitrarily and unreasonably.

Having concluded that the foregoing and other arguments presented by the City in its motion for rehearing do not justify the alteration of our original opinion, the motion for rehearing is overruled.

7. As pertinent here, Tex.Rev.Civ.Stat.Ann. art. 3265, § 6 (Vernon Supp. 1980–1981), states:

6. Where a plaintiff after filing a petition in condemnation, desires to dismiss or abandon the proceedings, said plaintiff shall by a motion filed to the judge of the court to be heard thereon, and the court hearing the same shall make an allowance to the landowner for all necessary and reasonable attorneys', appraisers' and photographers' fees and all other expenses incurred to the date of such hearing on said motion. . . .