CITY OF LUBBOCK, Petitioner,

v.

R. A. AUSTIN, et ux., Respondents.

No. C–567.

Supreme Court of Texas.

Feb. 3, 1982.

Rehearing Denied March 10, 1982.

John C. Ross, Jr., City Atty., James P. Brewster and J. Worth Fullingim, Asst. City Attys., Lubbock, for petitioner.

Brock, Waters & Pigg, Ralph Brock, Lubbock, for respondents.

DENTON, Justice.

This is a condemnation case. The trial court ruled in favor of the condemnor and awarded compensation to the landowners. The court of civil appeals reversed the trial court judgment and remanded the cause. 618 S.W.2d 552. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

R. A. and Yvonne Austin owned a house in Lubbock in an area zoned for single family dwellings. The Austins were in compliance with the zoning provisions applicable to their lot, which required a side yard with a minimum width of ten feet. In March of 1977, the City of Lubbock (hereafter "the City") decided to improve a heavily traveled street intersection next to the Austins' house. In so doing, it was necessary for the City to acquire portions of the Austins' lot, thus leaving the Austins with a side yard only four and three-tenths feet wide.[1]

The City instituted the condemnation proceeding now before us. The Austins argued that the City had abused its discre-

---

1. Without deciding the question, we assume that the City of Lubbock will be estopped from taking any future action against the Austins for noncompliance with the side yard requirements of the original zoning ordinance. *See* Black & Daniel, *The Texas Rule of Estoppel in Zoning Cases,* 33 BAYLOR L.REV. 241 (1981), and the cases cited therein. Thus, the question of whether to label the Austins as now having a valid nonconforming use is irrelevant to the case at hand.

tion by exercising its power of eminent domain in derogation of one of its zoning ordinances. At the trial, the charge to the jury submitted inquiries pertinent to the Austins' pleaded defense of abuse of discretion. The jury found that the City had abused its discretion. The trial court disregarded these findings, however, and concluded that the City had the power to take the property.

The question before this Court is whether a city is bound by its zoning ordinances when exercising its eminent domain power. In *Austin Ind. School Dist. v. City of Sunset Valley*, 502 S.W.2d 670 (Tex. 1973), the Austin School District, of which Sunset Valley is a part, wanted to exercise its power of eminent domain and locate an educational facility in Sunset Valley in admitted violation of Sunset Valley's zoning ordinance, which provided for residential construction only. We held that the school district could locate facilities in the area zoned for residential use, even though the zoning ordinance would be violated. Although the reasonableness of the school district's action was not in dispute, we pointed out that the school district could *not* act with impunity, and approved the following language from *City of Newark v. University of Delaware*, 304 A.2d 347, 349 (Del.Ch. 1973): "This immunity [of the University of Delaware from local land use regulations] is absolute unless the City in a given instance can show that its exercise is unreasonable or arbitrary." 502 S.W.2d at 674. There is no reason for a different rule when a city is seeking to avoid its own zoning ordinance. Reasoning by analogy, a city exercising its eminent domain power is not bound by its own zoning ordinance unless the objecting party can show that the condemnation is unreasonable or arbitrary. This is in accord with the standard used in reviewing zoning changes. In *City of Pharr v. Tippitt*, 616 S.W.2d 173 (Tex.1981), we held that the adoption of a comprehensive zoning ordinance does not exhaust a city's powers to amend the ordinance "as long as the action is not arbitrary, capricious and unreasonable." 616 S.W.2d at 177.

Special Issue number four, submitted to the jury, states:

### SPECIAL ISSUE NO. 4

By the use of the words 'clearly abused its discretion' as used in Special Issue No. 4 is meant that the party involved has acted arbitrarily, unreasonably or capriciously.

Do you find from a preponderance of the evidence that the City of Lubbock clearly abused its discretion, if it did, in taking the Austin property in the manner set forth herein based on all of the facts and circumstances in evidence?

Answer: 'The City of Lubbock clearly abused its discretion'; or, 'The City of Lubbock did not clearly abuse its discretion'.

Answer: The City of Lubbock clearly abused its discretion.

The trial court disregarded this finding. We agree. In cases where a city amends its own comprehensive zoning ordinance, the reasonableness or arbitrariness of the proposed action is a question of law to be decided by the court. *City of Pharr, supra*, at 175. We see no reason for a different rule in this case, where a city's exercise of eminent domain has come into conflict with an existing zoning ordinance. To hold otherwise would tend to substitute the land use preferences of a jury for those of a governing body acting under statutory authority, presumably with a special expertise in the area.

The City's efforts here have been aimed at improving a heavily traveled street intersection. The Austins have not established that the City's actions in widening the street were unreasonable or arbitrary as a matter of law. Therefore, we reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.