

# The Attorney General of Texas

December 30, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wilhelmina Delco
Chairman
Committee on Higher Education
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM–117

Re:  Whether chapter 764 of the
Sixty–eighth Legislature exempts
buildings, structures, and land
under the control of a state
agency from zoning by cities

Dear Representative Delco:

You ask our opinion as to whether all buildings, structures, and
land under the control of federal and state agencies are exempt from
municipal zoning or whether only places and areas of architectural
significance are so exempt. We do not believe that the exemption in
section 2 of chapter 764 of the Sixty–eighth Legislature is limited to
only places and areas of architectural significance.

The building and zoning ordinances of cities are an exercise of
police power delegated to cities by the state for protection of
health, safety, comfort, and welfare of the public. Cities possess no
inherent power of zoning and are limited to the power conferred on
them by statute. Fort Worth & D.C. Railway Co. v. Ammons, 215 S.W.2d
407, 409 (Tex. Civ. App. – Amarillo 1948, writ ref'd n.r.e.).

Articles 1011a through 1011j, V.T.C.S., enacted by chapter 283,
Acts of the Fortieth Legislature in 1927, constitute the general
zoning enabling act of this state and authorize building and zoning
ordinances by all cities, including home rule cities.[1] See City of
Bellaire v. Lamkin, 317 S.W.2d 43, 44 (Tex. 1958); Porter v.
Southwestern Public Service Co., 489 S.W.2d 361, 364 (Tex. Civ. App. –
Amarillo 1972, writ ref'd n.r.e.); Fort Worth & D.C. Railway Co. v.
Ammons, 215 S.W.2d 407, 410 (Tex. Civ. App. – Amarillo 1948, writ
ref'd n.r.e.); 63 Tex. Jur. 2d Zoning, §5 at 744; cf. V.T.C.S. art.
1175, subdivision 26.

---

1. Chapter 283, Acts of the 40th Legislature, 1927, is not a
part of chapter 4, Title 28, Revised Civil Statutes of Texas, 1925,
but instead was enacted as non–amendatory law and codified by Vernons
as Articles 1011a–1011j. Cf. Wooldrige v. Folsom, 564 S.W.2d 471
(Tex. Civ. App. – Dallas 1978, no writ).

Section 1 of chapter 764 of the Sixty-eighth Legislature, re-enacted and amended section 1 of chapter 283, codified as article 1011a, to read as follows:

> Sec. 1. For the purpose of promoting health, safety, morals, and for the protection and preservation of places and areas of historical, cultural, or architectural importance and significance, or the general welfare of the community, the legislative body of cities and incorporated villages is hereby empowered to regulate and restrict the height, number of stories, and size of buildings, and other structures, the percentage of lot that may be occupied, the size of the yard, courts, and other open spaces, the density of population, and the location and use of buildings, structures, and land for trade, industry, residence, or other purpose; and, in the case of designated places and areas of historic, cultural, or architectural importance and significance, to regulate and restrict the construction, alteration, reconstruction, or razing of buildings and other structures.

The only change to article 1011a as re-enacted by chapter 764 is the addition of places and areas of architectural significance to the enumerated places and areas where construction, alteration, reconstruction, or razing of buildings may be regulated.

Section 2 of chapter 764 provides that the "provisions of this Act shall not apply to buildings, structures, or land under the control, administration, or jurisdiction of any Federal or State Agency."

It is fundamental that construction of a statute must be consistent with legislative intent, and a statute's language is the best evidence of that intent. Also, in determining legislative intent, it is presumed that legislation is enacted with knowledge of existing common law and statutes. Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968); State v. Anderson, 26 S.W.2d 174, 178 (Tex. 1930); Sabine Pilots Association v. Lykes Brothers Steamship, Inc., 346 S.W.2d 166, 169 (Tex. Civ. App. - Austin 1961, no writ).

We believe that a majority of decisions in this and other jurisdictions hold that a state agency is exempt from all local zoning ordinances. In exercising the police powers delegated to it by zoning statutes, a city exercises the powers of the state government within

the city.  A legislative grant of police power to a city is not considered a surrender of the legislature's right to regulate the state's own property which may be located within a city, unless the statutes clearly show that the legislature intended to waive state immunity from local regulation.  See Port Arthur Independent School District v. City of Groves, 376 S.W.2d 330, 332 (Tex. 1964); Comment, The Applicability of Zoning Ordinances to Government Land Use, 39 Tex. L. Rev. 316, 325 (1961).  Cf. Attorney General Opinions MW-508 (1982); M-182 (1968); C-690 (1966); C-301 (1964); V-977 (1949).  See generally 2 Anderson, American Law of Zoning (2nd ed.), §12.06; 8 McQuillin, Municipal Corporations 37 (3rd ed. 1976 rev.), §25.15.  But cf. Austin Independent School District v. City of Sunset Valley, 502 S.W.2d 670, 672 (Tex. 1973).

Further, it is a well recognized principle of Texas law that charters and ordinances of home rule cities must conform to the constitution and general laws of this state.  Article XI, section 5, of the Texas Constitution, and article 1165, V.T.C.S., provide that no charter or ordinance of such cities may contain any provision inconsistent with the constitution and general laws enacted by the legislature.  McCutcheon v. Wozencraft, 294 S.W. 1105 (Tex. 1927); City of Beaumont v. Gulf States Utilities Co., 163 S.W.2d 426, 429 (Tex. Civ. App. - Beaumont 1942, writ ref'd w.o.m.).  Since the Texas Constitution prohibits home rule city regulation which conflicts with programs and activities of the state and its agencies that are undertaken under constitutional or statutory authority, a state agency delegated by law the responsibility for regulation and control of state property is not subject to the police power of such a city.  See City of Dallas v. Southwest Airlines Co., 494 F.2d 773, 777 (5th Cir. 1974); Beverly v. City of Dallas, 292 S.W.2d 172, 176 (Tex. Civ. App. - El Paso 1956, writ ref'd n.r.e.); Attorney General Opinions M-182 (1968); C-690 (1966); V-977 (1949).

The doctrine of federal supremacy generally immunizes federal land from local regulations.  Under clause 2 of article VI, of the United States Constitution, a city ordinance, even if based on the valid police powers of the state, must yield when it is in conflict with federal law.  United States v. City of Chester, 144 F.2d 415, 420 (3rd Cir. 1944); Town of Groton v. Laird, 353 F.Supp. 344, 350 (Conn. 1972).  See generally Ellickson & Tarlock, Land Use Controls, ch. 9, p. 905 (1981).

Section 2 of chapter 764 does not amend chapter 283 of the Fortieth Legislature, although the language submitted to the legislature is underlined as if it were intended to be new language added to existing law.  There is a question whether the words "provisions of this Act" in section 2 are intended to apply to chapter 283 of the Fortieth Legislature (codified as article 1011a-1011j) or to chapter 764.  Either way, section 2 is law, and we believe it

cannot apply to less than the re-enactment of article 1011a by chapter 764, which is a re-enactment of the grant of zoning power to the cities.

Accordingly, we conclude that the plain language of section 2 incorporates into statutory law the fact that the zoning power of the cities does not apply to buildings, structures, or land under the control, administration, or jurisdiction of any federal or state agency.

S U M M A R Y

Chapter 764 of the Sixty-eighth Legislature exempts all buildings, structures, and land under the control of federal or state agencies from municipal zoning.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood