**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant/Appellee,**

v.

**Daniel P. GORDON, Trustee, et al., Appellees/Appellants.**

**No. B14–85–424–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1986.

Rehearing Denied March 13, 1986.

Thomas L. Hunt, Houston, for appellant/appellee.

Robert L. Burns, Joyce Palmer, Houston, for appellees/appellants.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

MURPHY, Justice.

Southwestern Bell Telephone Company (Bell) and Daniel P. Gordon (Gordon) both bring limited appeals from a judgment entered in an eminent domain proceeding. This action originated when Bell initiated proceedings to condemn two Gordon tracts. Following an award by the special commissioners, Bell took possession of the tracts. Gordon filed objections to the award, thereby converting the proceeding to a judicial action. Gordon then filed a motion to dismiss the action for want of jurisdiction, which motion was granted. A bench trial followed on the sole issue of damages for Bell's temporary possession of the tracts. The court awarded $10,483.85 to Gordon, but denied his claim for attorneys' fees and costs. Both parties now contend the amounts awarded were improper: Bell objects to the $8,750.00 awarded to Gordon for the impaired marketability of options on the easement, while Gordon suggests the court erred in not awarding attorneys' fees and costs. For reasons detailed below, we affirm the denial of attorneys' fees and costs and reverse the portion of the judgment awarding damages for impaired option marketability.

In its third and controlling point of error, Bell contends there was insufficient

evidence to support the $8,750.00 awarded for the impaired marketability of options on Gordon's land. The record indicates that Gordon's witness Osenbaugh testified that he made this estimate in an attempt to compensate Gordon for the difficulty he might have had in marketing the tracts while Bell temporarily possessed the easement. While Osenbaugh testified he was certain there was a market for options, he was less certain in his testimony about his method of computing the estimate. He stated that his estimate was just one from experience, and that he "[didn't] know of any way to arrive at an option price." He also indicated that he had never used this method before. More importantly, Osenbaugh testified that he knew of no options offered to Gordon during Bell's occupancy, nor did he know of any offers to purchase the property during that period. While Osenbaugh's method of calculating damages for impaired option marketability may or may not be plausible, we do not believe sufficient evidence was presented to justify its use in this situation. The record reflects there were no attempts to market the property, no offers for an option, no offers to purchase the property, and no lost sales. In fact, the only evidence supporting use of this "novel" theory was that Osenbaugh was aware of other property in the area that had been optioned. Viewing the evidence in its entirety, we do not believe it was sufficient to support $8,750.00 in damages for any impaired marketability of options. *See In re King's Estate*, 244 S.W.2d 660 (Tex.1951). *See also City of Austin v. Teague*, 570 S.W.2d 389, 394–95 (Tex.1978).

Additionally, Gordon's reply point suggesting that Bell waived any objection to the option testimony is overruled. Although Gordon correctly points out that failure to object to testimony constitutes waiver of the right to complain of its admission on appeal, Bell does not complain the testimony was inadmissible. *See T & L Lease Service, Inc. v. Biddle*, 500 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). Rather, Bell complains of the sufficiency of the evidence supporting the award. Accordingly, Bell's third point of error is sustained.

■ In his appeal, Gordon contends the trial court erred in failing to award attorneys' fees and costs. To address this contention we first turn to section 21.019 of the Property Code. Tex.Prop.Code Ann. § 21.019 (Vernon 1984). Part (a) of section 21.019 allows a condemnor to dismiss eminent domain proceedings on its own motion. Part (b) provides that:

> [A] court that hears a motion to dismiss a condemnation proceeding shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing.

Gordon urges that we interpret this section to allow attorneys' fees following a *judicial* dismissal of a condemnation proceeding.

Since we are called upon to review a statute providing for attorneys' fees, we are bound by a rule of strict construction. *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893, 895 (Tex.1962); *Equitable Trust Co. v. Lyle*, 627 S.W.2d 824, 826 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). The necessary basis for awarding such fees can be found only in the express terms of the statute in question. *Knebel v. Capital National Bank in Austin*, 518 S.W.2d 795, 804 (Tex.1974); *Equitable Trust Co. v. Lyle*, 627 S.W.2d at 826. Section 21.019(a) makes provisions for *voluntary* dismissal by the condemnor. Here, however, the dismissal was a *judicial* dismissal for want of jurisdiction. While part (b) admittedly does not specify that it applies to voluntary motions, to award attorneys' fees to Gordon under this statute would force us to hold that part (b) pertaining to attorneys' fees has no relation to part (a). The bounds of strict construction do not allow us to so do. The express terms of the statute make it abundantly clear that the entire statute concerns only voluntary dismissals. Consequently fees and expenses are proper only in that instance.

This conclusion is fortified by a decision rendered under section 21.019's predecessor statute, section six of article 3265. *Austin v. City of Lubbock*, 618 S.W.2d 552 (Tex.Civ.App.—Amarillo 1982), *rev'd on other grounds*, 628 S.W.2d 49 (Tex.1982). *See* Eminent Domain, ch. 206, § 1, 1979 Tex.Gen.Laws 449. The *Austin* court held that section six of article 3265 applied only to voluntary dismissal by the condemnor; it did not apply to judicial denial of the right to condemn. *Austin v. City of Lubbock*, 618 S.W.2d at 556. This decision is of particular importance since the enactment of the Property Code represented a topic-by-topic revision of statutory law *without substantive change.* Tex.Prop. Code Ann. § 1.001 (Vernon 1984) (emphasis added). We find nothing in the newly enacted section 21.019 to alter the interpretation of these attorneys' fees provisions.

■ Similarly, we do not believe that attorneys' fees and costs are contemplated by section 21.044 of the Property Code. That section allows the court to award damages resulting from a temporary possession; however, it makes no provision for attorneys' fees and costs. As in *Knebel v. Capital National Bank*, the statute could only be held to supply attorneys' fees by implication. *Knebel v. Capital National Bank in Austin*, 518 S.W.2d at 803. Implications, however, are no substitute for express statutory authority. *See First City Bank-Farmers Branch, Texas v. Guex*, 677 S.W.2d 25, 30 (Tex.1984). The noticeable absence of such authority from 21.044 cannot be ignored.

Gordon raises several arguments pointing out the inequities of a holding that attorneys' fees and costs are not recoverable in this action. His primary argument is that such a decision creates two classes of condemnees: (1) those who are subject to dismissal of the condemnation proceeding at the option of the condemnor; and (2) those whose efforts result in the dismissal of an improper proceeding. He then suggests that our decision presents the paradox of compensating a landowner when the condemnor withdraws his condemnation petition, while a landowner who proves an unlawful taking is responsible for his own costs. While recognizing the inequity of this situation, we are still bound by the statute as written. Any changes in the law are for the legislature. Gordon's points of error are overruled.

In summary, we (1) reverse and remand the portion of the judgment awarding $8,750.00 for impaired marketability, and (2) affirm the denial of attorneys' fees and costs.

DRAUGHN, Justice, dissenting.

I concur with my brethren except for that part of the decision denying recovery for attorney's fees and costs.

The attorney's fees and cost provisions in the eminent domain statute, when read literally, create an obvious inequity by distinguishing voluntary dismissals from involuntary judicial dismissals. Obviously, both dismissals are necessitated by the condemnor's conduct and the result is often the same: the condemnee incurs monetary damages in the form of costs and attorney's fees. This statutory anomaly, buttressed by the majority's opinion, serves to thwart the spirit and purpose of the law: full protection of a condemnee against wrongful condemnation. Furthermore, the majority's interpretation puts the party acting improperly in control in that it can voluntarily dismiss and incur monetary costs *or* it can avoid such costs by forcing the property owner to seek judicial dismissal. It is not difficult to determine which course of conduct will be followed by condemnors when presented with such situations in the future.

Rather than apply a rule of strict statutory construction, I would apply the rule that when literal enforcement of a statute leads to consequences which the legislature could not have contemplated, the courts should adopt a construction that will promote the purpose for which the legislation was passed. *Salas v. State*, 592 S.W.2d 653, 655 (Tex.Civ.App.—Austin 1979, no writ). *See also Salmon v. Lamb*, 616 S.W.2d 296, 298 (Tex.Civ.App.—Houston

[1st Dist.] 1981, no writ); *Cole v. Texas Employment Comm'n,* 563 S.W.2d 363, 367 (Tex.Civ.App.—Fort Worth 1978, writ dism'd). I would reverse and remand to the trial court for a trial on the issue of attorney's fees and costs.