**Lilla Conner PAULUS, Appellant,**

v.

**LAWYERS SURETY CORPORATION, Appellee.**

**No. B2884.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 1981.

John E. Wright, Huntsville, for appellant.

Don Karotkin, Funderburk & Funderburk, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

MURPHY, Justice.

Lilla C. Paulus (appellant) appeals the judgment of the trial court rendered in a cross-action severed from a show cause hearing which awarded Lawyers Surety Corporation (appellee) attorneys' fees and expenses incurred as appellant's bonding company. The questions posed on appeal ask us to determine if any or sufficient evidence supports the award of and necessity for the fees and costs appellee recovered, or whether the judgment of the trial court is against the great weight and preponderance of the evidence. We affirm in part, and reverse and remand in part.

The questions in contention arise from a main action in which appellant as temporary administratrix for the estate of Claude Neal Paulus, deceased, was sued for negligence in maintaining certain properties belonging to that estate. The 14th Court of Civil Appeals, Cause No. B2601, opinion delivered May 27, 1981, ultimately reversed the trial court's judgment in favor of Richard S. Snell (Snell), successor administrator of the estate, and rendered that he take nothing against appellant and appellee. *Lawyers Surety Corporation v. Snell*, 617 S.W.2d 750 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). The trial court severed out the cross action brought by appellee for fees and expenses incurred as surety on the bond posted by appellant in the main action.

The trial court entered an order in appellee's favor in the cross-action for attorneys' fees and costs incurred as a result of appellee's liability on the bond. It is from that order, appellant brings her properly perfected appeal. Appellant asserts twelve points of error and appellee asserts two cross-points of error.

Except for number ten, appellant's points of error contend there was no evidence or insufficient evidence of time spent or work done by counsel for appellee either in connection with the main action described above or allocable to the severed cross-action. Appellant further asserts the order that appellee recover fees and costs from appellant is against the great weight and preponderance of the evidence. Counsel for appellee testified that the fees were reasonable for the same or similar services in Harris County, i. e., usual and customary in light of three years of litigation. Expert opinion evidence, while not conclusive, is competent evidence. *Brown & Root, Inc. v. DeSautell*, 554 S.W.2d 764, 771 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); C. McCormick, Evidence § 13 (2d ed. 1972). Factors to be considered in the assessment of attorneys' fees include time spent, nature of the case, amount of money involved, and skill and experience needed. *Knopf v. Standard Fixtures Co., Inc.*, 581 S.W.2d 504, 507 (Tex.Civ.App.—Dallas 1979, no writ). An appellate court has the authority in looking at the entire record to draw on the common knowledge of the justices of the court, their legal experience and to view the issue in light of the experience and the amount in controversy. *Id.* Applying these standards, we find the trial court did not err in granting recovery of attorneys' fees and expenses to appellee. We do not find any authority, nor does appellant cite any, requiring the trial court to allocate attorney's fees to particular portions of a trial. Allowance of attorneys' fees rests within the discretion of the trial court, and will not be set aside absent an abuse of discretion. *Espinoza v. Victoria Bank & Trust Co.*, 572 S.W.2d 816, 828 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.) We find no abuse of discretion and accordingly, overrule eleven of appellant's twelve points of error.

In her tenth point of error, appellant maintains the trial court erred in rendering judgment in favor of appellee for the payment of fees and costs incurred by Snell as a result of appellant's alleged mismanagement of the estate of Claude Neal Paulus, deceased. Snell had filed an annual account in the probate court seeking recovery of attorneys' fees and expenses incurred as a result of appellant's alleged mismanagement of the estate. On April 10, 1979, the court granted Snell recovery of those expenses from appellant and her surety, appellee. Snell repeatedly demanded pay-

ment from appellant. These demands proving fruitless, Snell sought and received reimbursement from appellee. Appellant contends the payment pursuant to the trial court's order of April 10, 1979, from which no appeal was taken, was voluntary and that the order was not a final adjudication. Appellant asserts, therefore, appellee should have waited until the order was final and sought execution of same prior to making the payment to Snell. In addition, appellant contends error in the award of fees due to the appellate court's reversing the judgment of the trial court in the main action and rendering that the estate take nothing against appellant and her surety. Appellant entered into a surety bond contract with appellee which required her to reimburse appellee should it become liable on its bond. Where a surety pays the debt of a principal, it may sue in assumpsit or on the debt and is subrogated to the rights of the creditor it paid. *Highlands Cable Television, Inc. v. Wong*, 547 S.W.2d 324, 326 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). The record indicates appellee paid sums pursuant to the order of April 10, 1979 as required by its bond obligation, incurred costs as a result of that obligation, and has not been reimbursed for these expenditures. An appeal in a probate matter is authorized if it is taken from a decision, order, decree, or judgment which finally disposes and is conclusive of an issue or disputed question for which that particular part of the proceeding was brought. *Currie v. Drake*, 550 S.W.2d 736, 738–39 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). The decision of the probate court need not dispose of the entire probate proceeding to be appealable so long as it conclusively adjudicates the disputed issue. *Id.* The order of April 10, 1979 conclusively disposed of the issue of appellee's liability for the fees of Snell and, therefore, we find it was final and appealable. Appellant cites no authority, nor do we find any, which supports her proposition that a writ of execution or garnishment is a pre-requisite to reimbursement of a surety. We have not found any authority, nor does appellant cite any, to support her contention that a reversal of a judgment discharges a principal's liability to its surety. We accordingly overrule appellant's tenth point of error.

Appellee brings two cross-points on appeal. In its first cross-point, appellee complains of the trial court's failure to render a judgment conditionally for attorneys' fees incurred on an appeal. A trial court, in its discretion, may allow attorneys' fees on appeal, but is not required to do so. *Mid County Rental Service, Inc. v. Miner-Dederick Const. Corp.*, 583 S.W.2d 428, 433 (Tex. Civ.App.—Beaumont 1979) *rev'd on other grounds*, 603 S.W.2d 193 (Tex.1980). Where a written contract between parties provides indemnity against "all loss, liability, costs, damages, attorney's fees and expenses, whatever," however, payment of those fees and expenses is a contract obligation as a matter of law. *Highlands Cable Television, Inc., v. Wong, supra.* We find the trial court erred in denying appellant's attorneys' fees and costs on this appeal pursuant to the parties' written contract.

In the second cross-point of error, appellee maintains the appeal brought by appellant is frivolous and taken solely for delay which would entitle it to 10% damages under Rule 438. Tex.R.Civ.P. 438. We do not find sufficient evidence in the record supporting appellee's contention to justify such a penalty. We overrule appellee's final cross-point of error.

Accordingly, we reverse and remand to the trial court for a determination of the amount of those fees.

Affirmed in part, reversed and remanded in part.