CITY OF HOUSTON, Appellant,

v.

Roy BLACKBIRD, et al., Appellees.

No. 01–83–0287–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 8, 1983.
Rehearing Denied Oct. 13, 1983.

Fred Spence, Houston, for appellant.

F. Russell Kendall, H. Dixon Montague & W. Hoaglund, Houston, for appellees.

Before EVANS, C.J., and LEVY and BULLOCK, JJ.

## OPINION

BULLOCK, Justice.

This is an appeal from the trial court's judgment granting attorneys' fees, costs, and interest therein in a condemnation suit.

Suit was instituted by appellant to condemn a 4.6874 acre tract of land owned by appellees. Special commissioners appointed by the court awarded appellees $1,837,-650.00. Appellees then timely filed objections to the award of the commissioners; however, appellant never deposited the amount of the award and, therefore, did not take possession of the property. Appellant later voluntarily filed a motion to dismiss its condemnation action. Under Tex.Rev. Stat.Ann. art. 3265 § 6, (Vernon 1979), the trial court held a hearing on appellant's

motion to dismiss. Following the hearing, the trial court granted the relief sought by appellant and awarded appellees' appraisal fees in the sum of $4,133.00 and attorneys' fees to the date of hearing on appellant's motion to dismiss in the amount of $249,419.31, plus interest on the recovery at the rate of 9% per annum until paid.

Appellant brings eleven points of error allegedly committed by the trial judge.

Appellant's first four points deal with the sufficiency of the evidence to sustain the trial court's judgment granting attorneys' fees and costs. It is appellant's contention that simply because appellees did not want their property condemned and requested that appellant dismiss its eminent domain suit, appellees are somehow estopped from an allowance of attorneys' fees and appraiser's fees as provided in art. 3265.

█ Tex.Rev.Civ.Stat.Ann. art. 3265 § 6 (Vernon 1979) provides in pertinent part:

> Where a plaintiff after filing a petition in condemnation, desires to dismiss or abandon the proceedings, said plaintiff shall by a motion filed to the judge of the court be heard thereon, and the court hearing the same *shall make an allowance* to the landowner for all necessary and reasonable attorneys', appraisers', and photographers' fees and all other expenses incurred to the date of such hearing on said motion; . . . (emphasis supplied).

Only the appellant had the authority to dismiss this case, and it did so voluntarily, albeit at the request of appellees. Accordingly, it was mandatory for the trial court to make an allowance to appellees for all necessary and reasonable expenses under art. 3265, § 6. See *McCullough v. Producers Gas Co.,* 616 S.W.2d 702 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.).

█ Three expert witnesses presented by appellees testified that necessary and reasonable attorneys' fees for the representation of appellees were $250,000.00. Such testimony was predicated on the various factors to be considered in determining reasonableness of attorneys' fees. See *Hols-*

*worth v. Czeschin,* 632 S.W.2d 643 (Tex. App.—Corpus Christi 1982, no writ); *Braswell v. Braswell,* 476 S.W.2d 444 (Tex.Civ. App.—Waco 1972, writ dism'd). No evidence was presented by appellant to the contrary. Expert opinion is competent evidence. *Paulus v. Lawyers Surety Corp.,* 625 S.W.2d 843, 845 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). The usual and customary fee shall be presumed to be reasonable unless rebutted by competent evidence. *Wenk v. City National Bank,* 613 S.W.2d 345, 352 (Tex.Civ.App.—Tyler 1981, no writ).

Appellees were entitled as a matter of law, to establish their reasonable and necessary attorneys' fees, and article 3265, § 6, expressly requires the court to hold a hearing to determine the amount of such fees. Appellees are not estopped from having the court make an allowance of reasonable and necessary attorneys' fees simply because appellees desired that the condemnation action be dismissed. Article 3265, § 6 would be meaningless if the landowners were precluded from recovering expenses they had incurred whenever they did not want their property condemned.

Article 3265, § 6, specifically applies to a situation wherein the condemning authority has not taken possession of the property sought to be condemned, as in this case. In the event appellant had taken possession of the property, it could not voluntarily dismiss or abandon the proceeding. *City of Wichita Falls v. Gleghorn,* 531 S.W.2d 879 (Tex.Civ.App.—Eastland), *writ ref'd n.r.e.,* 545 S.W.2d 446 (Tex.1976).

Appellant cites the case of *Austin v. City of Lubbock,* 618 S.W.2d 552 (Tex.Civ.App.—Amarillo 1981), *rev'd on other grounds,* 628 S.W.2d 49 (Tex.1982), for the proposition that appellant is not responsible for attorneys' fees. In *Austin,* the Court held that the landowner was not entitled to recover attorneys' fees when the power to condemn was judicially denied. However, the Court went on to state that § 6 of article 3265 applies to a voluntary abandonment or dismissal by the condemnor. In the instant case, appellant voluntarily dismissed the

proceedings, and article 3265, § 6, is applicable.

Appellant, in its fifth point of error, argues that because appellees requested the case be dismissed and kept the property which had greatly increased in value during the pendency of the suit, attorneys' fees and costs should be prohibited.

■ The purpose of art. 3265, § 6, is to compensate the landowner for all expenses incurred as a result of the condemnation action whenever it is voluntarily dismissed or abandoned. The trial court, after hearing the evidence, made an allowance of $249,419.31 to the date of the hearing on appellant's motion to dismiss. It would be unfair for appellees to be precluded from recovering these fees simply because they did not want their property condemned, or because there may have been an increase in the market value of appellees' property during the two-year period of time in which the possibility of condemnation applied to appellees' property. During that period of time appellees were deprived of the use of their property for any viable purpose.

No evidence rebutting the amount of fees incurred by appellees was presented by appellant, and the record supports the judgment of the trial court. Appellant's points of error one through five are overruled.

■ Appellant, in its sixth point of error, avers that the trial court erred in allowing attorneys' fees which would represent attorneys' fees for the appeal of the case. Article 3265, § 6, does not state that an allowance shall be made to the landowner for expenses incurred after the date of the hearing on a motion to dismiss filed by the plaintiff. However, since the express purpose of art. 3265, § 6, is to reimburse the landowner for all necessary and reasonable expenses, whenever a plaintiff voluntarily dismisses or abandons the condemnation proceedings, it follows that the landowner should be entitled to recover whatever expenses are incurred as a result of an appeal by plaintiff from a voluntary motion to dismiss. Again, it is the plaintiff as condemning authority that causes the expenses. While other attorneys' fees statutes do not specifically state that a party is entitled to recover attorneys' fees on appeal, it has been held that an award of attorneys' fees on appeal is appropriate and within the discretion of the trial court and should not be set aside absent an abuse of discretion. *Paulus v. Lawyers Surety Corp.,* 625 S.W.2d 843 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Mid County Rental Service, Inc. v. Miner-Dederick Construction Corp.,* 583 S.W.2d 428 (Tex. Civ.App.—Beaumont 1979), *rev'd on other grounds,* 603 S.W.2d 193, (Tex.1980); *Bernard v. Bernard,* 491 S.W.2d 222 (Tex.Civ. App.—Houston [1st Dist.] 1973, no writ).

No abuse of discretion by the trial court has been shown, and appellant's sixth point of error is overruled.

Appellant, in its seventh point of error, states that the trial court abused its discretion in overruling its first motion for continuance and its motion to reset appellee's motion for a hearing pursuant to art. 3265.

■ Prior to the filing of appellant's motion to dismiss, appellant was aware that art. 3265 required the court to hold a hearing to make an allowance to the landowner for reasonable and necessary attorneys', appraisers' and photographers' fees, and all other expenses incurred to the date of the hearing on such motion. Nonetheless, no discovery was commenced by appellant until after the initial hearing on appellant's motion to dismiss had been scheduled. The documents requested by appellant were produced by appellees in advance of the hearing. Furthermore, appellant made no attempt to shorten the time for discovery. The trial court has the sole discretion to grant or deny a motion for continuance unless there is an abuse of discretion. Appellant's motion for continuance was not verified and accordingly does not comply with Tex.R.Civ.Pro. 251 and 252. Therefore, we must presume that the trial court did not abuse its discretion in denying the motion to reset. *Lumbermens Mutual Casualty Co. v. Cummings,* 618 S.W.2d 883 (Tex.Civ.App.—Ft. Worth), *writ ref'd n.r. e.),* 623 S.W.2d 138 (Tex.1981); *Oates v.*

*Oates,* 533 S.W.2d 107 (Tex.Civ.App.—Tyler 1976, no writ). *Hernandez v. Heldenfels,* 374 S.W.2d 196 (Tex.1963); *Zamora v. Romero,* 581 S.W.2d 742, 745 (Tex.Civ.App. —Corpus Christi 1979, writ ref'd n.r.e.). Likewise, timely notice of appellant's first motion for continuance pursuant to Tex.R. Civ.Pro. 21, 21a, and 21b was not provided. The record reflects that appellant's first motion for continuance was filed on March 21, 1983, three days after the hearing. Such motion was presented to the trial court without having been filed on March 18, 1983, the date of the hearing on appellant's motion to dismiss. The court did not abuse its discretion in denying appellant's motion for continuance. We overrule appellant's seventh point of error.

Appellant, in its eighth point of error, alleges that the trial court erred in not allowing appellant a jury trial which was duly requested by appellant. Appellees state: "This is a case of first impression with respect to whether the hearing mandated by art. 3265, § 6, affords the condemning authority a right to a jury trial after the voluntary dismissal of its case."

■ Appellant voluntarily moved to dismiss this case. The trial court was required to hold a hearing pursuant to art. 3265. Appellees argue that the clear and unambiguous language of the statute mandates that the "court shall make an allowance" for those items provided for in the statute. They contend that the legislature has instructed the court to determine "necessary and reasonable" fees, and since these items are in the nature of costs and expenses incurred by the landowner, appellant is not entitled to a jury trial. Appellant argues that Tex.Rev.Civ.Stat.Ann. art. 2123 provides that the right to trial by jury shall remain inviolate. Article 2123 is a codification in the civil statutes of article I, § 15 of the Constitution of Texas to the same effect. However, it is well settled that the right to a trial by jury as provided in our Constitution relates only to those matters wherein such right existed at common law or in statutory provisions in existence at the time of the adoption of the Constitution in

1876. *Hickman v. Smith,* 238 S.W.2d 838 (Tex.Civ.App.—Austin 1951, writ ref'd); *Smallwood v. Swarner,* 510 S.W.2d 156, 157–158 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.); *In Re Adoption of Pate,* 449 S.W.2d 372 (Tex.Civ.App.—El Paso 1969, no writ); *Texas Liquor Control Board v. Jones,* 112 S.W.2d 227 (Tex.Civ.App.—Texarkana 1937, no writ).

■ When a non-suit is filed pursuant to Tex.R.Civ.Pro. 164, plaintiff is liable for all costs. *Anglo Explorations Corp. v. Grayshon,* 562 S.W.2d 567 (Tex.Civ.App.— Houston [14th Dist.] 1978, writ ref'd n.r.e.).

■ In a dismissal of a garnishment proceeding, all costs including attorneys' fees are taxed against plaintiff. *Hadsell & Co., Inc. v. Allstate Ins. Co.,* 516 S.W.2d 211, 213–214 (Tex.Civ.App.—Texarkana 1974, writ dism'd w.o.j.); *Bridewell v. Clay,* 185 S.W.2d 170 (Tex.Civ.App.—Dallas 1944, writ ref'd).

■ In interpleader actions, the stakeholder is entitled to an allowance of attorney fees. *Holmquist v. Accidental Life Ins. Co. of California,* 536 S.W.2d 434 (Tex.Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). *United States v. Ray Thomas Gravel Co.,* 380 S.W.2d 576, 581 (Tex.1964); *Givens v. Girard Life Ins. Co. of America,* 480 S.W.2d 421, 429 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).

In none of the above three situations is there any indication that a party is entitled to a jury trial.

■ Eminent domain proceedings did not exist at common law and are special creations of the legislature. The statute subject to scrutiny before us did not exist until May 17, 1979. The legislature has expressly ordered the trial judge to determine the amount of reasonable and necessary attorneys' fees. The legislature could have easily provided for the right to a jury at such hearing if it intended to do so. Appellant's eighth point of error is overruled.

■ Appellant, in its ninth point of error, contends that the trial court erred in

274

allowing 9% interest from the date of judgment, because art. 3265, § 6, does not authorize any interest.

Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, (Vernon 1975) provides in pertinent part:

*All* judgments of the courts of this state shall bear interest at the rate of 9% per annum from and after the date of judgment, ... (emphasis supplied).

The trial court's order of dismissal ordering appellant to pay interest on the amount awarded from the date of judgment until paid at the rate of 9% per annum is in strict compliance with Texas law.

Appellant's ninth point of error is overruled.

Appellant, in its tenth point of error, states that the trial court's allowance of attorneys' fees and expenses is excessive by $75,000.00.

The uncontroverted expert testimony reflected in the record clearly supports the allowance by the court (1) for the services performed by the attorneys for appellees in the amount of $249,419.31; (2) such fees have been incurred by appellees; (3) appellees are obligated under contract to pay such attorneys' fees as provided therein. The question before the trial court was whether the amount of attorneys' fees incurred by appellees was reasonable and necessary. The allowance of attorneys' fees by the court involved the exercise of sound discretion by the trial judge which should not be disturbed on appeal unless there is an abuse of discretion. *Rick Furniture Dist. Co., Inc. v. Kirlin,* 634 S.W.2d 738 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). *Espinoza v. Victoria Bank & Trust Co.,* 572 S.W.2d 816, 828 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). While this court has authority to determine the excessiveness of an award, we cannot set aside an award merely because we would have allowed more or less. *Espinoza v. Victoria Bank & Trust Co.,* 572 S.W.2d 816, 828 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). We find no abuse of discretion, and appellant's tenth point of error is overruled.

Appellant, in its eleventh point of error, argues that the court's allowance of attorneys' fees and expenses is excessive by $10,775.00. Appellees' testimony reflects that the invoice for attorneys' fees in the sum of $238,644.13 was for services rendered through February 28, 1983. Appellees understood that there would be additional charges from February 28, 1983, until the date of the hearing on March 18, 1983, and that they intended to pay such fees.

There was competent testimony establishing the number of hours expended by the respective lawyers of the law firm representing appellees up to the commencement of the hearing on appellant's motion to dismiss. The evidence presented at the hearing supports the trial court's allowance to appellees of $249,419.31 in attorneys' fees to the date of the hearing. As previously stated, the allowance of attorneys' fees by the trial court will not be disturbed on appeal unless an abuse of discretion is shown. No such abuse of discretion is shown; appellant's eleventh and final point of error is overruled, and the judgment of the trial court is affirmed.