In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00311-CV

____________


JOYCE E. DAUGHERTY, Appellant


V.


JENNIFER S. RAY, Appellee






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 99-15774






O P I N I O N

 This appeal arises from a legal malpractice dispute. The trial court rendered
a judgment in favor of appellee, Jennifer S. Ray. We affirm. 



Background


 Appellant, Joyce E. Daugherty, filed suit against her former attorney, Jennifer
S. Ray, on March 29, 1999. The case was called for a bench trial on January 18,
2000. After the parties announced ready, Daugherty asserted her first motion for
continuance. In her motion, she stated that she needed additional time to complete
discovery because: (1) she had received Ray's file on December 13, 1999; (2) access
to Texas law was restricted because of the holidays; (3) the Tulsa Law Library was
closed the week of January 10, 2000; (4) all libraries were closed on January 17,
2000, and on January 15 and 16, there were abbreviated hours; (5) her expert witness
on damages was out of town until February 2000; (6) she needed an additional
opinion from another expert; (7) she was still searching for an expert to determine the
value of her case; and (8) she was initiating an investigation with the Texas State Bar
for disciplinary procedures. 

 Ray objected to the motion for continuance because it was not supported by
affidavit and because of other procedural deficiencies. Ray also objected that
Daugherty had had since March of 1999 to complete discovery. 

 The trial court sustained Ray's objections, denied Daugherty's motion for
continuance, and proceeded to trial. On the second day of trial, Daugherty filed a
supplemental request for continuance and argued it to the trial court. The trial court
denied this motion as well. After a trial on the merits, the trial court rendered a take
nothing judgment in favor of Ray.

 In her first issue, Daugherty argues that the trial court abused its discretion in
denying her first motion for continuance. 

 No continuance shall be granted "except for sufficient cause supported by
affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. 
We will not disturb the trial court's denial of a motion for continuance except for a
clear abuse of discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986);
Verkin v. Southwest Ctr. One, Ltd., 784 S.W.2d 92, 94 (Tex. App.--Houston [1st
Dist.] 1989, writ denied). If a motion for continuance is not verified or supported by
affidavit, the appellate court will presume the trial court did not abuse its discretion
in denying the motion. City of Houston v. Blackbird, 658 S.W.2d 269, 272 (Tex.
App.--Houston [1st Dist.] 1983, writ dism'd) (court of appeals must presume trial
court did not abuse its discretion in denying motion for continuance not verified, as
required by Tex. R. Civ. P. 251, 252). This presumption is rebuttable, not absolute. 
Thrower v. Johnston, 775 S.W.2d 718, 720-21 (Tex. App.--Dallas 1989, no writ). 
 In this case, Daugherty filed an unverified motion for continuance. Therefore,
we presume that the trial court did not abuse its discretion in denying the motion. See
Blackbird, 658 S.W.2d at 272. Daugherty maintains, however, that she was not
required to file an affidavit because she represented herself pro-se. See Villegas, 711
S.W.2d at 626 ("It would be unrealistic . . . to apply the presumption to lay movants
who without fault have their attorney withdraw."). In Villegas, the Texas Supreme
Court held that the failure to grant a lay movant's continuance was an abuse of
discretion where the trial court allowed a party's attorney to withdraw only two days
before trial, and the attorney refused to turn over the client's file and evidence, all
without fault of the client. See id. at 626-27. 

 Here, unlike the lay movant in Villegas, Daugherty elected to represent herself
at trial. A pro se litigant must comply with the applicable laws and rules of
procedure. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978). In addition to failing to file a verified motion for continuance or an
accompanying affidavit, Daugherty also did not meet the requirements of Rule 252. 
Specifically, she did not state that the testimony was material and how it was material,
and she did not state that she used due diligence in attempting to obtain the testimony. 
Tex. R. Civ. P. 252. The suit was filed on March 29, 1999. The case was set for trial
on January 18, 2000, as memorialized in a scheduling order mailed on June 14, 1999. 
Accordingly, Daugherty had at least nine months to prepare for trial. Under these
facts, we conclude that Daugherty has not rebutted the presumption that the trial court
acted within its discretion in overruling her motion for continuance. 

 We overrule Daugherty's first issue. 

 In her second issue, Daugherty argues that Ray breached her fiduciary duties
by settling the underlying federal court case without her authority. Specifically,
Daugherty contends that Ray did not prove that the settlement of the underlying case
was fair and equitable. We construe Daugherty's argument as a challenge to the legal
and factual sufficiency of the evidence.

 A review of her petition reveals that Daugherty did not assert a cause of action
for breach of fiduciary duties. She alleged causes of action for legal malpractice and
negligent legal representation. Therefore, she has waived this point of error. Tex.
R. App. P. 33.1.

 Assuming this issue had been preserved, we would address it using the usual
legal and factual sufficiency standards of review. In reviewing the legal sufficiency
of the evidence, or a "no evidence" point, we consider only the evidence and
inferences that tend to support the finding, and disregard all evidence and inferences
to the contrary. Browning Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex. 1993). 
If there is more than a "scintilla" of evidence to support the finding, it must be upheld
and the judgment affirmed. Id.

 When reviewing a claim that the evidence is factually insufficient, the court of
appeals must first examine all of the evidence. Lofton v. Texas Brine Corp., 720
S.W.2d 804, 805 (Tex. 1986); State Indus., Inc. v. Corbitt, 925 S.W.2d 304, 306 (Tex.
App.--Houston [1st Dist.] 1996, no writ). After considering and weighing all of the
evidence, the court of appeals should set aside the verdict only if the evidence is so
weak or the finding is so against the great weight and preponderance of the evidence
that it is clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986);
Hollander v. Capon, 853 S.W.2d 723, 726 (Tex. App.--Houston [1st Dist.] 1993,
writ denied). The appellate court cannot substitute its opinion for that of the trier of
fact and determine that it would reach a different conclusion. Hollander, 853 S.W.2d
at 726. 

 Because findings of fact were neither filed nor requested, the judgment of the
trial court implies all necessary findings of fact to support it. Holt Atherton Indus.,
Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). Legal and factual sufficiency of the
implied findings may still be challenged on appeal. Id. An appellate court will apply
the same standard of review to sufficiency challenges of implied findings as is
applied in the review of jury findings. Id.; Herter v. Wolfe, 961 S.W.2d 1, 3 (Tex.
App.--Houston [1st Dist.] 1995, writ denied). 

 In reviewing the legal sufficiency of the evidence, we consider only the
evidence and reasonable inferences tending to support the implied finding, viewing
it in the light most favorable to the verdict. Id. at 3. A legal sufficiency challenge
will be overruled if there is more than a scintilla of evidence to support the implied
finding. Id.

 When factual sufficiency of the evidence is challenged, we consider all the
evidence, both in support of and contrary to the challenged implied finding, and
uphold the implied finding unless it is against the great weight and preponderance of
the evidence so as to be manifestly unjust. Id.

 The attorney-client relationship is highly fiduciary in nature. Judwin
Properties v. Griggs & Harrison, 911 S.W.2d 498, 506 (Tex. App.--Houston [1st
Dist.] 1995, no writ). This relationship carries the utmost good faith. Id. A cause of
action for breach of fiduciary duty in Texas refers to unfairness in the contract, and
the burden of showing fairness is on the attorney. Id. Unless the client raises the
issue of unfairness or inequitable conduct, however, the presumption of unfairness
will not arise. Id. 

 According to Daugherty, Ray agreed to a settlement without Daugherty's
authorization, and Ray coerced Daugherty to sign the settlement papers. Ray testified
that, before signing the settlement agreement, federal court Judge Atlas gave a
thorough explanation of Daugherty's options at that point. The agreement was signed
by Judge Atlas and Daugherty. Ray also testified that the settlement was fair and
reasonable, given the causes of action. She stated that the settlement was entered into
with Daugherty's authority, and that she did not prematurely initiate settlement
discussions. Based on this evidence, we conclude there is legally and factually
sufficient evidence to support the trial court's implied findings. 

 We overrule Daugherty's second issue.
Conclusion


 We affirm the judgment of the trial court. 


 

 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.