# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00760-CV

**Winnebago Industries, Inc., Appellant**

**v.**

**Texas Department of Motor Vehicles, Motor Vehicle Division, Appellee**

### DIRECT APPEAL FROM THE MOTOR VEHICLE DIVISION OF THE
### TEXAS DEPARTMENT OF MOTOR VEHICLES

## M E M O R A N D U M   O P I N I O N

Winnebago Industries, Inc., seeks direct judicial review in this Court of a final order issued by the Motor Vehicle Division of the Texas Department of Motor Vehicles (TxDMV) following a complaint pursuant to the Texas "Lemon Law." *See* Tex. Occ. Code §§ 2301.601–.613 ("Lemon Law"), .751(a)(2) (providing for direct appeal to this Court). In four issues, Winnebago contends that TxDMV erred in failing to require that the vehicle be present at the hearing, allowing ex parte communications between the administrative law judge (ALJ) and the complainants, allowing into evidence an expert witness report, and conducting the hearing in a way that violated Winnebago's due process rights. For the reasons that follow, we reverse TxDMV's order and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

The complainants purchased a 2010 Winnebago Tour motor home in June 2011 for a purchase price of $218,523.00. Soon after the purchase, problems arose with the vehicle. Although there were multiple issues, the primary complaint was malfunctioning "slide-outs," side compartments that slide out to expand the usable space in the RV. After multiple attempts by Winnebago to repair the vehicle, including a return to the factory, the complainants filed a Lemon Law complaint against Winnebago and subsequently informed Winnebago that they no longer wanted the vehicle. When the vehicle was returned from the factory, the complainants met with Winnebago's district service manager Steve Mary to review and inspect the repairs. Although Mary stated in his report that the slide-outs were operating smoothly, the complainants continued to maintain that they were not functioning properly. In March 2012, TxDMV employee Bob Swarts conducted an inspection of the vehicle at which Mary was present. Swarts's subsequent report included a statement that the passenger side slide-out was not operating as designed. In an April 2012 inspection report, Mary stated that the passenger side slide-out was operating "freely" but needed an adjustment.

A hearing on the complaint was conducted by the ALJ in May 2012. *See id.* § 2301.704(a) (Lemon Law hearing must be conducted by administrative law judge of State Office of Administrative Hearings (SOAH)). Prior to the hearing, the complainants contacted the ALJ's office, asked if they had to bring the vehicle to the hearing, and were informed that they did not.[1]

---

[1] The complainants testified that they "called" and "the judge" said they did not have to bring the vehicle. In his response to Winnebago's exceptions to his proposal for decision, the ALJ stated that the complainants called his administrative assistant and, upon learning of the inquiry, he

2

Winnebago was not informed of the complainants' inquiry or the ALJ's response. Upon learning at the hearing that the vehicle was not present, Winnebago objected to its absence. The ALJ stated that since all the parties had been afforded an opportunity to inspect the vehicle and since he "do[es] not make it a practice to inspect or look at the vehicle," it was not necessary for it to be present. At the end of the hearing, Winnebago requested that the ALJ leave the record open so that the ALJ could inspect and test the vehicle, but the ALJ stated that he did not want to inject himself into the record as a witness by viewing the vehicle and denied the motion.

The ALJ issued a proposal for decision (PFD) in July 2012, finding that the kitchen slide out was "not properly oriented" and that although the problem may be "eased temporarily by periodic adjustments," the problem had "not been remedied." The ALJ concluded that there was sufficient evidence to support repurchase and recommended Winnebago repurchase the vehicle for $212,774.42, representing the original purchase price, less a reasonable allowance for use. *See id.* § 2301.604(a)(2). Winnebago filed exceptions to the PFD on grounds asserted in this appeal. The ALJ responded to Winnebago's complaint concerning the ALJ's decision not to require the vehicle to be present at the hearing and recommended that the exceptions be overruled. TxDMV issued a final order in September 2012, adopting the PFD without change. Winnebago filed a motion for rehearing, which TxDMV denied. This direct appeal followed.

---

instructed his assistant to tell them it would not be necessary.

**STANDARD OF REVIEW**

Our review of a final agency decision in a contested case is governed by section 2001.174 of the Administrative Procedure Act. *See id.* § 2301.751; Tex. Gov't Code § 2001.174. This standard requires that we reverse or remand a case for further proceedings "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions" are

> (A) in violation of a constitutional or statutory provision;
>
> (B) in excess of the agency's statutory authority;
>
> (C) made through unlawful procedure;
>
> (D) affected by other error of law;
>
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
>
> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code § 2001.174(2).

Here, Winnebago challenges TxDMV's interpretation of and adherence to its own rule. Thus, this case raises a question of rule construction, which we review de novo. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). We interpret administrative rules, like statutes, under traditional principles of statutory construction. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011); *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999). We consider the rule as a whole, avoid

4

construing isolated provisions, and consider its role in the broader regulatory scheme. *See TGS-NOPEC*, 340 S.W.3d at 439; *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008); *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). We give undefined terms their ordinary meaning and follow the clear language of an unambiguous rule unless such an interpretation would lead to absurd results. *TGS-NOPEC*, 340 S.W.3d at 439; *Rodriguez*, 997 S.W.2d at 254. If an agency has failed to follow the clear, unambiguous language of its own regulation, we must reverse its action as arbitrary and capricious. *See Texas Indus. Energy Consumers v. CenterPoint Energy Hous. Elec., LLC*, 324 S.W.3d 95, 104 (Tex. 2010) (citing *Rodriguez*, 997 S.W.2d at 255).

## DISCUSSION

In its first issue, Winnebago argues that the ALJ erred in not requiring the complainants to bring the vehicle to the hearing, thus preventing Winnebago from putting on its full defense. At the time of the hearing, TxDMV Rule 215.206(9) (the Rule) provided:

> Except for hearings conducted by written submission only or by telephone, the complainant will be required to bring the vehicle in question to the hearing for the purpose of having the vehicle inspected and test driven, unless otherwise ordered by the hearing officer upon a showing of good cause as to why the complainant should not be required to bring the vehicle to the hearing.

43 Tex. Admin. Code § 215.206(9) (Tex. Dep't of Motor Vehicles, Hearings) *repealed* 37 Tex. Reg. 4950 (2012) (proposed Mar. 9, 2012) (cited herein as Former 43 Tex. Admin. Code

§ 215.206(9).[2] Winnebago contends that the Rule required the ALJ to inspect and test the vehicle during the course of the hearing so that he could assess for himself whether a defect that substantially impaired the market value of the vehicle existed at the time of the hearing. *See* Tex. Occ. Code § 2301.604(a) (establishing substantial impairment of market value as one standard for replacement or refund). Winnebago further contends that the ALJ could not dispense with the requirement that the vehicle be present for his inspection and testing without the complainants' making a showing of good cause as to why they should not be required to bring the vehicle and giving Winnebago notice and an opportunity to respond. In doing so, Winnebago argues, the ALJ acted arbitrarily and prejudiced Winnebago by depriving it of an inspection and test that would have caused the ALJ to reach a different conclusion. TxDMV responds that the rule does not require that a hearing be held on the issue of good cause, that the presence of the vehicle was not required because of the prior inspections, and that Winnebago was not prejudiced by the absence of the vehicle because the ALJ stated that even if it had been present, he would not have inspected it.

We first consider whether the Rule was mandatory or directory. In determining whether a rule is directive or mandatory, "we consider the plain meaning of the words used, as well as the entire [regulatory scheme], its nature and object, and the consequences that would follow from

---

[2] The current version of the rule provides:

> Except for hearings conducted by written submission only or by telephone, the complainant must bring the vehicle in question to the hearing so that the vehicle may be inspected and test driven, unless otherwise ordered by the ALJ upon a showing of good cause by the complainant.

43 Tex. Admin. Code § 215.206(8) (Tex. Dep't of Motor Vehicles, Hearings).

each construction." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001). The Rule provided that the complainant "will be required" to bring the vehicle to the hearing unless otherwise "ordered" by the ALJ "upon a showing of good cause." Former 43 Tex. Admin. Code § 215.206(9). Here, it is undisputed that the ALJ did not require the complainants to bring the vehicle to the hearing. In his response to Winnebago's exceptions to his PFD, the ALJ stated that he considered the requirement of the Rule that the complainant bring the vehicle to the hearing to be "a procedural matter, meant to assure that the manufacturer can have a opportunity to inspect the subject vehicle" and that it "should be considered directory, rather than mandatory." However, the word "'[w]ill denotes certainty . . . ,'" *see Gleghorn v. Wichita Falls*, 545 S.W.2d 446, 447 (Tex. 1976) (per curiam op. on r'hrg of application for writ of error), and in that regard is similar to "shall" and "must," which are generally regarded as mandatory, *see City of Austin v. Southwestern Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002) ("shall" generally construed as mandatory unless legislative intent expressed in plain language of statute suggests otherwise); *Wilkins*, 47 S.W.3d at 494 ("shall" and "must" generally recognized as mandatory, creating a duty or obligation).

Had TxDMV intended the presence of the vehicle to be permissive, it could have provided that the complainant "may" bring the vehicle, as it provided in the subsequent subsection of the Rule that TxDMV "*may* have the vehicle in question inspected." *See* 43 Tex. Admin. Code § 215.206(10) (Tex. Dep't of Motor Vehicles, Hearings) *repealed* 37 Tex. Reg. 4950 (2012) (proposed Mar. 9, 2012) (current version at 43 Tex. Admin. Code § 215.206(9) (Tex. Dep't of Motor Vehicles, Hearings)) (emphasis added); *Bray v. Tejas Toyota, Inc.*, 363 S.W.3d 777, 785 (Tex. App.—Austin 2012, no pet.) (textual distinctions between adjacent statutory provisions indicated

7

legislature intended one to be discretionary and other to be mandatory). Instead, it chose the words "*will* be required," and we must presume it chose those words for a purpose. *See Ojo v. Farmers Grp., Inc.*, 356 S.W.3d 421, 427 n.5 (Tex. 2011) (rule of statutory construction that every word of statute presumed used for a purpose (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981))).[3] In addition, the plain meaning of the remainder of the phrase—be *required*—supports the construction that the Rule is mandatory. *See TGS-NOPEC*, 340 S.W.3d at 439; *Webster's Third New Int'l Dictionary* 1929 (2002) (defining "to require" as "to demand as necessary or essential" or "to demand of (one) that something be done or some action taken"). Considering the plain language of the entire Rule in the context of the statutory scheme of the Lemon Law and TxDMV rules, we conclude that it is mandatory unless the subsequent conditions are met—a showing of good cause why the vehicle does not need to be present and an order relieving the complainants of their otherwise mandatory duty to bring the vehicle. *See TGS-NOPEC*, 340 S.W.3d at 439; *20801, Inc.*, 249 S.W.3d at 396.

Turning to the first condition, we observe that there is no evidence in the record as to any showing of good cause upon which the ALJ's determination not to require the vehicle to be present was based. Because the Rule does not define "good cause," we look to its ordinary meaning. *See TGS-NOPEC*, 340 S.W.3d at 439. Here, the record reflects that the complainants telephoned the ALJ's office and asked the ALJ's assistant if they had to bring the vehicle. The record further reflects that they did not offer the ALJ's assistant any reason for not being required to bring the

---

[3] We also note that the current version of the rule provides that the complainant "must" bring the vehicle. *See* 43 Tex. Admin. Code § 215.206(8); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001) ("must" generally recognized as mandatory, creating a duty or obligation).

vehicle, much less a reason that would support a finding of good cause. *See In re M.C.F.*, 121 S.W.3d 891, 896 (Tex. App.—Fort Worth 2003, pet. denied) (no good cause in paternity case under section 160.636 of Family Code where appellee did not present any reason why child's name should be changed); *cf. In re S.M.V.*, 287 S.W.3d 435, 449 (Tex. App.—Dallas 2009, no pet.) (good cause shown in paternity case under section 160.636 of Family Code where parties' testimony established legally sufficient reasons to change child's name).

Nor, as the ALJ suggests and TxDMV now argues, does the fact that Winnebago had previously inspected the vehicle constitute "a showing of good cause" under the plain language of the Rule. In his response to Winnebago's exceptions to his PFD, the ALJ stated that all respondents to the complaint had exercised their right to inspect the vehicle prior to the complainants' inquiry concerning bringing the vehicle to the hearing and that he had concluded that "no cause existed for Complainant to bring the [vehicle] to the hearing site." However, the Lemon Law affords a manufacturer a "reasonable number of attempts" to repair a vehicle before it can be required to replace the vehicle or refund the purchase price, less a reasonable allowance for use. *See* Tex. Occ. Code § 2301.604(a). Consequently, in every complaint process, a manufacturer has an opportunity to inspect the vehicle prior to a contested case hearing. *See id.* § 2301.703 (Hearing Required in Contested Case).

If we were to construe the Rule to mean that prior inspection constituted "a showing of good cause," then complainants would never be required to bring the vehicle, and the Rule itself would become meaningless surplusage. *See In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173–74 (Tex. 2013) (we must give effect to all words of statute and not treat any language as

9

surplusage if possible (citing *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000)));

*Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) (courts may

not adopt construction that renders any part of statute meaningless or superfluous).  We cannot

presume that TxDMV adopted a meaningless rule.  *See Texas Lottery Comm'n v. First State Bank*

*of DeQueen*, 325 S.W.3d 628, 637 (Tex. 2010) ("Courts 'do not lightly presume that the Legislature

may have done a useless act.'" (quoting *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*,

966 S.W.2d 482, 485 (Tex. 1998))).

Had TxDMV intended to include an exception to the requirement that the vehicle be

present when the manufacturer has already inspected it, it could have done so.  *See Ojo*, 356 S.W.3d

at 427 (every word excluded presumed excluded for a purpose); *Zimmer US, Inc. v. Combs*,

368 S.W.3d 579, 586 (Tex. App.—Austin 2012, no pet.) (same).  Instead, the Rule provided that the

complainant will be required to bring the vehicle unless otherwise ordered by the ALJ upon a

showing of good cause even though the statutory Lemon Law proceeding assures that the

manufacturer has ample opportunity to inspect the vehicle prior to the hearing.  *See* Tex. Occ. Code

§ 2301.604(a).  In addition, the Rule provides that the vehicle be brought to the hearing for purposes

of both inspection and testing.  *See id.*  Therefore, we cannot conclude that the prior inspections by

Winnebago constituted "a showing of good cause" as required by the Rule.  *See* Former 43 Tex.

Admin. Code § 215.206(9); *In re M.C.F.*, 121 S.W.3d at 896–97 (discussing factors courts have

found to constitute good cause in other contexts).

Even if we were to consider the prior inspections "a showing of good cause," it is also

undisputed that the ALJ issued no "order" that would have given Winnebago notice of his decision

10

not to require that the vehicle be present. Rather, he instructed his assistant to verbally inform the complainants over the telephone that they need not bring the vehicle, did not commit this communication to writing, and did not inform Winnebago. The rules of procedure for SOAH judges provide that the ALJ has the authority to issue orders and that "[r]ulings not made orally at a recorded prehearing conference or hearing shall be in writing and issued to all parties of record." 1 Tex. Admin. Code § 155.155(a)(1), (b); *see also Black's Law Dictionary* 1206 (9th ed. 2009) (defining "order" as "a written direction or command delivered by a court or judge"). Therefore, even if there had been a showing of good cause, we would conclude that the ALJ's second-hand verbal instruction to the complainants did not comply with section 155.155 and did not result in complainants' having been "ordered" not to bring the vehicle within the plain meaning of the Rule. *See* Tex. Occ. Code § 155.155(a)(1); Former 43 Tex. Admin. Code § 215.206(9); *TGS-NOPEC*, 340 S.W.3d at 439.

The ALJ was required to conduct the hearing in accordance with the Lemon Law and any order, decision, or rule of TxDMV. *See* Tex. Occ. Code §§ 2301.703(a), .704(a). In dispensing with the requirement of the Rule that the vehicle be present at the hearing without a showing of good cause and without issuing an order, the ALJ failed to follow the clear, unambiguous language of the Rule. Further, in conducting the hearing, the ALJ acted with "all of [TxDMV's] power and authority," including its power to make procedural and evidentiary decisions. *See id.* § 2301.704(b). In adopting the ALJ's PFD unchanged and issuing its final order without enforcing the requirement of Rule 215.206(9) that the vehicle be present at the hearing, TxDMV failed to follow the unambiguous language of its own rule. We therefore conclude that TxDMV acted arbitrarily and

11

capriciously and that Winnebago's substantial rights were prejudiced when it was denied the opportunity to present its full defense, including inspection and testing of the vehicle by the ALJ. *See* Tex. Gov't Code § 2001.174(2)(F); *Texas Indus. Energy Consumers*, 324 S.W.3d at 104. We sustain Winnebago's first issue. Because our determination of Winnebago's first issue is dispositive, we do not reach its remaining issues. *See* Tex. R. App. P. 47.1 (appellate court must issue opinion that is as brief as practicable and addresses every issue necessary to final disposition).

## CONCLUSION

Having sustained Winnebago's first issue, we reverse TxDMV's final order and remand for further proceedings consistent with this opinion.

_____
Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Remanded

Filed: April 10, 2014

12